## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Delfino I. Ramirez, | ) |
| Plaintiff. | ) |
| v. | ) |
| | ) |
| HARLEM CORPORATION  d/b/a Nick's Drive-In, GEORGE | ) |
| LEKAS, and JIM KARALEKAS a/k/a JIM LEKAS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**Now comes** Plaintiff Delfino I Ramirez ("Plaintiff"), by his attorneys, Daniel I. Schlade and James M. Dore/Dore Law Offices LLC, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and complains against Defendants HARLEM CORPORATION d/b/a Nick's Drive-In ("Nick's Drive-In"), GEORGE LEKAS, and JIM KARALEKAS a/k/a JIM LEKAS ("Jim Lekas"), (all defendants are cumulatively referred to as "Defendants") and in support of this Complaint, state:

### Introduction

1.   This action seeks redress for Defendants' willful violations of the FLSA and Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in a week.

2.   Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices had the effect of denying Plaintiff his earned and living wages.

## Parties

4. Plaintiff is a resident of Cook County, Illinois; and he is a former employee of Nick's Drive-In.

5. Defendant Nick's Drive-In is an Illinois corporation operating as a restaurant located at 7216 N. Harlem Avenue, Chicago, Illinois, 60631. On information and belief, Nick's Drive-In was opened prior to 2014, and is currently operating.

6. Defendant Jim Lekas was Plaintiff's manager at Nick's Drive-In. In addition, he was the "boss" of all employees at Nick's Drive-In; on information and belief, he is an owner, or one of the owners of Nick's Drive-In; he is the Secretary of Nick's Drive-In. Upon information and belief, Defendant Jim Lekas is a resident of Cook County, Illinois.

7. Defendant George Lekas is the President of record with the Illinois Secretary of State for Nick's Drive-In. In addition, he was the "boss" of all employees at Nick's Drive-In; on information and belief, he is the owner, or one of the owners of Nick's Drive-In. Upon information and belief, Defendant George Lekas is a resident of Cook County, Illinois.

## Jurisdiction And Venue

8. The Court possesses subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). The Court possesses supplemental jurisdiction over the state law IWCPA claim pursuant to 28 U.S.C. § 1367, because the claim is so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy, and arise out of the same underlying facts and transactions, under Article III of the United States Constitution.

9.  Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Chicago, Illinois; and all parties to this lawsuit are residents of Chicago, Illinois.

## Facts Common To All Claims

10.  Plaintiff worked at Defendant Nick's Drive-In for 9 weeks beginning April 7, 2020, and was paid on a weekly basis.

11. At all times, Plaintiff held the same position at Nick's Drive-In; he worked in the kitchen performing food preparation for the restaurant chefs, colloquially known as "food prep" and also worked as a cook.

12.  For Week 1 of his employment, Plaintiff was only paid $6.00 per hour and worked 40 hours for the week.

13. For Weeks 2-9 of his employment, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week.  Plaintiff's worked seven days per week, 12 pm to 8 pm (8 hrs) everyday.  During his shifts, Plaintiff was not granted breaks or time for personal meals such as lunch.  Accordingly, his work week averaged fifty-six (56) hours per week for Weeks 2-9.

14.  For Weeks 2-9 of his employment, Defendants paid Plaintiff $10.00 per hour for each hour worked.

15.  Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per week for Weeks 2-9, Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half his regular hourly rate of pay for all hours worked in excess of forty (40) hours.

15.   Instead, for Weeks 2-9, Defendants paid Plaintiff his hourly rate of $10.00 per hour for all hours worked, including hours worked in excess of forty (40) hours per week.

16.   Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

17.   Plaintiff is not exempt from the provisions of the FLSA, and/or the IWCPA.

18.   Defendants failed to pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed when he worked over forty (40) hours in a given workweek.

19.   Defendants failed to pay Plaintiff the required minimum wage for each hour he worked.

**Count 1 - Violations of FLSA**

20. Plaintiff reincorporates by reference Paragraphs 1 through 19, as if set forth in full herein for Paragraph 20.

21.   Defendant Nick's Drive-In is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the restaurant and bar industry.

22.   Defendant George Lekas is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he is the President and manager of Defendant Nick's Drive-In, and upon information and belief, he is the owner of Nick's Drive-In; (2) he had the power to hire and fire the employees; (3) he supervised and controlled employee work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and/or (5) he maintained employment records.

23. Defendant Jim Lekas is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he is the publicly-identified Secretary of Defendant Nick's Drive-In, and he is the owner of Nick's Drive-In; (2) he had the power to hire and fire the employees; (3) he supervised and controlled employee work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and/or (5) he maintained employment records.

24. Plaintiff is an "employee" as that term is used in Section 203 of the FLSA because he was employed by Defendants as a "food prep" worker, and he does not fall into any of the exceptions or exemptions for workers under the FLSA.

25. For his period of employment with Defendants, Plaintiff was not paid the proper minimum wage of $13.00 per hour.

26. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

27. Defendants did not compensate Plaintiff at a rate of at least one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) hours in his individual workweeks, and did not compensate Plaintiff at a rate of at least one and one-half (1.5) times the legal hourly rate of pay for all hours worked in excess of forty (40) hours in his individual workweeks.

28. Defendants' failure and refusal to pay the legal minimum wage of $13.00 per hour for hours worked was a willful violation of the FLSA.

29. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

30. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

31. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $2,456.00 in unpaid overtime wages and unpaid minimum wages; (ii) and liquidated damages of $7,368.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants HARLEM CORPORATION d/b/a Nick's Drive-In, GEORGE LEKAS, and JIM KARALEKAS a/k/a JIM LEKAS, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks and all minimum wages, totaling at least $2,456.00;

B. An award liquidated damages in an amount equal of least $7,368.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## Count 2 – Violation of City of Chicago Ordinance

32. Plaintiff reincorporates by reference Paragraphs 1 through 31, as if set forth in full herein for Paragraph 32.

33. At all times relevant to Plaintiff's employment with Defendants, there existed in effect the City of Chicago Ordinance, 1-24-020, which stated

**Minimum hourly wage.** Except as provided in Sections 2-92-610 and 1-24-030 of this Code, every Employer shall pay no less than the following Wages to each Covered Employee for each hour of work performed for that Employer while physically present within the geographic boundaries of the City: (e) Beginning on July 1, 2019, the greater of: (1) the minimum hourly Wage set by the Minimum Wage Law; (2) the minimum hourly Wage set by the Fair Labor Standards Act; or (3) $13.00 per hour.

34. At all times relevant to Plaintiff's employment with Defendants, there existed in effect a City of Chicago Ordinance, 1-24-110, which stated

**Private cause of action.** If any Covered Employee is paid by his or her Employer less than the Wage to which he or she is entitled under this chapter, the Covered Employee may recover in a civil action three times the amount of any such underpayment, together with costs and such reasonable attorney's fees as the court allows.

35. Plaintiff was a "Covered Employee" as that term is defined under City of Chicago Ordinance 1-24-010.

36. Defendant Nick's Drive-In was an "Employer" as that term is defined under City of Chicago Ordinance 1-24-010.

37. Defendant George Lekas was an "Employer" as that term is defined under City of Chicago Ordinance 1-24-010.

38. Defendant Jim Lekas was an "Employer" as that term is defined under City of Chicago Ordinance 1-24-010.

39.  Pursuant to City of Chicago Ordinance, Defendants were required to compensate Plaintiff at a rate of $13.00 per regular hour worked and to compensate Plaintiff at 1.5 times for each hour in excess of 40 hours in a week.

40.  Defendants violated City of Chicago Ordinances in failing to remit the required wages to Plaintiff.

41.  As a direct result of Defendants' violations of the City of Chicago Ordinances, Plaintiff was underpaid in the amount of $2,456.00.

42.  As such, Plaintiff is entitled to damages of $7,368.00 under the City of Chicago Ordinances, plus attorney's fees plus costs.

    **WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants HARLEM CORPORATION d/b/a Nick's Drive-In, GEORGE LEKAS, and JIM KARALEKAS a/k/a JIM LEKAS, jointly and severally, for:

A.    a monetary judgment in the amount of at least $7,368.00;

B.    A declaration that Defendants violated the City of Chicago Ordinances;

C.    An award reasonable attorneys' fees and costs; and

D.    Any such additional or alternative relief as this Court deems just and proper.

**Count 3 – Retaliatory Discharge for Assertion of Rights under Illinois One Day Rest In Seven Act 820 ILCS 140/et seq**

43. Plaintiff reincorporates by reference Paragraphs 1 through 42, as if set forth in full herein for Paragraph 42.

44.  At all relevant times, there was an Illinois statute in effect known as the Illinois One Day Rest In Seven Act, 820 ILCS 140/1 *et seq* ("the Illinois Act") which states:

**Hours and days of rest in every calendar week.** (a) Every employer shall allow every employee except those specified in this Section at least twenty-four consecutive hours of rest in every calendar week in addition to the regular period of rest allowed at the close of each working day.

820 ILCS 140/2(a).

45.  The Illinois Act provides that employers are required to allow employees at least at least twenty-four consecutive hours of rest in every calendar week.

46.  The Illinois legislature has clearly mandated a public policy that certain employees have statutory rights to twenty-four consecutive hours of rest in every calendar week and that their employers have statutory obligations to provide such breaks.

47.  Plaintiff was an "Employee" subject to the protection of the Illinois Act.

48.  Defendant Nick's Drive-In was an "Employer" subject to the requirements of the Illinois Act.

49.  Defendant George Lekas was an "Employer" subject to the requirements of the Illinois Act.

50.  Defendant Jim Lekas was an "Employer" subject to the requirements of the Illinois Act.

51.  On the week of June 8, 2020, as authorized under the Illinois Act, Plaintiff requested a day-off from working for Defendants.

52.  In response to Plaintiff's request for a day-off, Defendant Jim Lekas told Plaintiff that if he were to take a day-off, he would be terminated.

53.  Plaintiff in fact took a day off, as was his right under the Illinois Act.

54.  As a result of Plaintiff taking a day-off under the Act, Defendants terminated his employment on or about June 15, 2020.

55.  In requesting a day-off, Plaintiff was engaging in a protected activity, namely securing his authorized time off under the Illinois Act.

56.  As a result of Plaintiff's request for a day-off and taking said day off, Defendants terminated Plaintiff's employment.

57.  Plaintiff has suffered damages, such as emotional damages, loss of future wages, emotional distress and mental anguish, back pay, punitive damages, and attorney's fees and costs as a result of Defendants' retaliatory discharge of him.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants HARLEM CORPORATION d/b/a Nick's Drive-In, GEORGE LEKAS, and JIM KARALEKAS a/k/a JIM LEKAS, jointly and severally, for: emotional damages, loss of future wages, emotional distress and mental anguish, back pay, punitive damages, and attorney's fees and costs; and Any such additional or alternative relief as this Court deems just and proper.

/s/ James M. Dore

**Dore Law Offices LLC - James M. Dore (ARDC No. 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiff*
134 N. La Salle St., Suite 1208
Chicago, IL  60602
P: 312-726-8401; F: 844-272-4628
E: james@dorelawoffices.com
Jmdore70@sbcglobal.net
danschlade@gmail.com

**Plaintiff Requests a jury demand for all counts applicable**